GUNTHER, Judge,
dissenting.
I respectfully dissent. In my view the testimony of Dr. Singer, the plaintiff’s expert witness, does not satisfy the requirements of Gooding with reference to the survival issue. Dr. Singer testified that if Mary Green, born in approximately 1950, had been tested and treated by Dr. Goldberg in November of 1982, more likely than not, she would have survived ten years.
According to the supreme court in Gooding v. University Hospital, 445 So.2d 1015, 1020 (Fla.1984):
[A] plaintiff in a medical malpractice action must show more than a decreased chance of survival because of a defendant’s conduct. The plaintiff must show that the injury more likely than not resulted from the defendant’s negligence in order to establish a jury question on proximate cause. In other words, the plaintiff must show that what was done or failed to be done probably would have affected the outcome. In the case under review Mrs. Gooding failed to meet this test by presenting evidence of a greater than even chance of survival for Mr. Goodmg m the absence of negligence. The district court properly ruled that the trial court should have granted the hospital’s motion for directed verdict.
Green interprets this standard to mean that if there is a greater than even chance of survival, there is a cause of action for wrongful death. On the other hand, Dr. Goldberg responds that the testimony of Dr. Singer only shows that Dr. Goldberg’s failure to diagnose cancer in November of 1982 led to a shortened term of survival.
In my view, Dr. Singer’s testimony did not prove that Dr. Goldberg’s negligence caused the death of Mary Green, but only established that Dr. Goldberg’s negligence further reduced Mary’s already cancer shortened life expectancy. Therefore, I conclude the trial court did not err in granting Dr. Goldberg’s motion for a directed verdict. In addition, I would affirm the trial court in all other respects.